## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

**SPENCER NETT**
406 7th Avenue,
Baraboo, WI 53913

       Plaintiff.

   v.

**DELLS-DELTON EMERGENCY
MEDICAL SERVICES COMMISSION**
45 Miller Drive,
Baraboo, WI 53913

     and

**ED WOJNICZ, BRIAN HOLZEM, BEN
ANDERSON, JOHN WEBB, TOM DIEHL,
BRENT GASSER, MEMBERS OF THE
DELLS-DELTON EMERGENCY
MEDICAL SERVICES COMMISSION**
45 Miller Drive,
Baraboo, WI 53913

     and

**DELLS-DELTON EMERGENCY
MEDICAL SERVICE**
45 Miller Drive,
Baraboo, WI 53913

     and

**DILLON GAVINSKI**
45 Miller Drive,
Baraboo, WI 53913

     and

**CITY OF WISCONSIN DELLS**
300 La Crosse Street,
Wisconsin Dells, WI 53965

Case No. 3:23-cv-137

JURY TRIAL DEMANDED

and

**VILLAGE OF LAKE DELTON**
50 Wisconsin Dells Parkway South,
Lake Delton WI 53940-0087

Defendants.

---

## COMPLAINT

Plaintiff, Spencer Nett, by and through his undersigned attorneys, for his Complaint against Defendants, the Dells-Delton Emergency Medical Services Commission, the Dells-Delton Emergency Medical Service, the City of Wisconsin Dells, WI, and the Village of Lake Delton, WI, states as follows:

### INTRODUCTION, JURISDICTION AND VENUE

1. This is a civil action brought under 42 U.S.C. § 1983 for declaratory and injunctive relief, damages, and attorneys' fees and costs to redress Defendants' unlawful deprivation of Plaintiff's rights and privileges secured by the First and Fourteenth Amendments of the U.S. Constitution.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331; 28 U.S.C. §§ 2201-02; 28 U.S.C. § 1337; 28 U.S.C. § 1343; and 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. §1391 because all Defendants are located in this district and the actions and omissions complained of herein took place within this district.

### PARTIES

4. Plaintiff Spencer Nett is an individual who resides in Baraboo, WI. Mr. Nett is a "citizen of the United States" within the meaning of 42 U.S.C. § 1983, and a "person" within the meaning of 42 U.S.C. § 1983.

5.     Defendant Dells-Delton Emergency Medical Services Commission ("Commission") is a political subdivision of the state of Wisconsin and is established and maintained under the laws of the State of Wisconsin as a commission created by a contract between municipalities pursuant to WIS. STAT. § 66.0301(2).  *See* City of Wisconsin Dells Code at §§ 1.05(1)(c), (4); Village of Lake Delton Municipal Code at § 5.06; *see also* WIS. STAT. § 66.0301(2).  Specifically, the Commission exists pursuant to a contract between the City of Wisconsin Dells, WI and the Village of Lake Delton, WI.  *See* City of Wisconsin Dells Code at §§ 1.05(1)(c), (4); Village of Lake Delton Municipal Code at § 5.06; *see also* WIS. STAT. § 66.0301(2).  As such, the Commission represents and acts on behalf of the City of Wisconsin Dells, WI and the Village of Lake Delton, WI.  *See* WIS. STAT. § 66.0301(2).  In the alternative, and upon information and belief, the Commission is an agency of the City of Wisconsin Dells, WI and the Village of Lake Delton, WI.

6.     The Commission is comprised of representatives and officials of the City of Wisconsin Dells, WI, the Village of Lake Delton, WI, and the Town of Delton, WI.  The Commission operates the Dells-Delton Emergency Medical Service.  The Commission is a "person" within the meaning of 42 U.S.C. § 1983.

7.     Defendants Ed Wojnicz, Brian Holzem, Ben Anderson, John Webb, Tom Diehl, and Brent Gasser are the members of the Commission.  As such, they are responsible for the Dells-Delton Emergency Medical Service's operations and make decisions about the Dells-Delton Emergency Medical Service's policies, personnel, operations

8.     Defendants Ed Wojnicz, Brian Holzem, Ben Anderson, John Webb, Tom Diehl, and Brent Gasser are also all officials, representatives, employees and/or agents of City of Wisconsin Dells, WI, the Village of Lake Delton, WI, and the Town of Delton, WI.  Specifically,

Ed Wojnicz is the Mayor of the City of Wisconsin Dells, WI; Brian Holzem is an Alderperson of the City of Wisconsin Dells, WI; Ben Anderson is an Alderperson of the City of Wisconsin Dells, WI; John Webb is a President of the Board of Trustees of the Village of Lake Delton, WI; Tom Diehl is a Trustee of the Village of Lake Delton, WI; and Brent Gasser is a Supervisor of the Town of Delton, WI. Defendants Ed Wojnicz, Brian Holzem, Ben Anderson, John Webb, Tom Diehl, and Brent Gasser are all "persons" within the meaning of 42 U.S.C. § 1983.

9.    Defendant Dells-Delton Emergency Medical Service ("DDEMS") is a political subdivision of the state of Wisconsin and is established and maintained under the laws of the State of Wisconsin as an agency or department created by contract between municipalities pursuant to WIS. STAT. § 66.0301(2). Specifically, DDEMS exists pursuant to a contract between the City of Wisconsin Dells, WI and the Village of Lake Delton, WI. *See* City of Wisconsin Dells Code at §§ 1.05(1)(c), (4); Village of Lake Delton Municipal Code at § 5.06; *see also* WIS. STAT. §§ 66.0301(2), (3). As such, DDEMS represents and acts on behalf of City of Wisconsin Dells, WI and the Village of Lake Delton, WI. *See* WIS. STAT. § 66.0301(2). In the alternative, and upon information and belief, DDEMS is an agency of the City of Wisconsin Dells, WI and the Village of Lake Delton, WI.

10.    DDEMS provides ambulance and emergency medical services to the City of Wisconsin Dells, WI, the Village of Lake Delton, WI, the Town of Delton, WI, and the surrounding areas. DDEMS is a "person" within the meaning of 42 U.S.C. § 1983.

11.    Dillon Gavinski is the Director of DDEMS. As such, he is responsible for overseeing DDEMS's operations and staff. Mr. Gavinski is a "person" within the meaning of 42 U.S.C. § 1983.

12.     Defendant City of Wisconsin Dells, WI is a municipal corporation organized under the laws of the State of Wisconsin and is a political subdivision of the State of Wisconsin.  The City of Wisconsin Dells is a "municipality" within the meaning of WIS. STAT. § 66.0301(1)(a).  The City of Wisconsin Dells is a party to a contract between municipalities pursuant to WIS. STAT. § 66.0301(2) which establishes DDEMS, as well as the Commission to operate DDEMS.  *See* City of Wisconsin Dells Code at §§ 1.05(1)(c), (4); WIS. STAT. §§ 66.0301(2), (3).  The City of Wisconsin Dells is a "person" within the meaning of 42 U.S.C. § 1983.

13.     Defendant Village of Lake Delton, WI is a municipal corporation organized under the laws of the State of Wisconsin and is a political subdivision of the State of Wisconsin.  The Village of Lake Delton is a "municipality" within the meaning of WIS. STAT. § 66.0301(1)(a).  The Village of Lake Delton is a party to a contract between municipalities pursuant to WIS. STAT. § 66.0301(2) which establishes DDEMS, as well as the Commission to operate DDEMS.  *See* Village of Lake Delton Municipal Code at § 5.06; WIS. STAT. §§ 66.0301(2), (3).  The Village of Lake Delton is a "person" within the meaning of 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

14.     Plaintiff Spencer Nett was employed by DDEMS as a Paramedic starting in or about 2014.

15.     Mr. Nett is the President of the Dells-Delton Professional Paramedics, International Association of Fire Fighters Local 5026 ("IAFF Local 5026" or "Local 5026"), a labor organization representing certain emergency medical service personnel employed by DDEMS, including Paramedics.

16.     Starting in or about 2021, DDEMS began implementing certain operational and staffing changes, including reducing the number of total Paramedics employed by DDEMS,

staffing certain positions with individuals who did not possess the requisite training or experience to provide certain emergency medical services to the community, and declining to fill vacant Paramedic positions at DDEMS.

17.     Starting in or about April 2022, multiple Paramedics employed by DDEMS began resigning from DDEMS over alleged workplace misconduct by Daniel Hardman, the Lake Delton Police Chief and Director of Public Safety responsible for overseeing DDEMS's operations and staff.

18.     On or about May 27, 2022, a safety message was posted to Local 5026's Facebook page advising members of the Wisconsin Dells, Lake Delton, and Delton communities that the recent reductions in DDEMS staff may cause longer response times for ambulances and delayed emergency medical care during the Memorial Day weekend.  The safety message also reminded the community that Local 5026 and its members remain committed to public safety.  A copy of this Facebook post is attached hereto as Exhibit 1.

19.     On or about May 28, 2022, Mr. Nett, among other DDEMS employees, reposted and shared Local 5026's safety message from their personal Facebook accounts.  *See* Ex. 1.

20.     On or about May 31, 2022, Defendant Dillon Gavinski, Director of DDEMS, issued a letter to Mr. Nett advising him that, by sharing Local 5026's Facebook post about public safety that was critical of the DDEMS from his personal Facebook account, he had allegedly violated DDEMS's social media policy.  The letter also provides that DDEMS holds Mr. Nett responsible for originally drafting and posting the safety message on Local 5026's Facebook page since Mr. Nett is the President of IAFF Local 5026.  The May 31, 2022 notice further states that, as a result of this alleged misconduct, Mr. Nett was suspended without pay "effective immediately." A copy of the May 31, 2022 suspension notice is attached here as Exhibit 2.

21.    On or about June 2, 2022, Mr. Gavinski issued a letter to Mr. Nett advising him that the Defendant members of the Commission voted unanimously to terminate his employment with DDEMS for sharing Local 5026's safety message on Facebook, as the Commission believed that it was "intended to undermine the public's trust and confidence in the Department [DDEMS]."  A copy of this June 2, 2022 termination notice is attached hereto as Exhibit 3.

22.    Mr. Nett's suspension and subsequent discharge were issued pursuant to an express municipal policy of Defendants.  Specifically, and as expressly stated in the disciplinary letters issued to Mr. Nett, Mr. Nett was being disciplined for his activity on Facebook under DDEMS's written social media policy.

23.    Mr. Gavinski and the Commission, comprised of its members, have final policymaking authority in the decisions to suspend and subsequently terminate Mr. Nett from DDEMS because of activity on Facebook.

24.    Mr. Nett's termination from DDEMS then formally became effective on or about August 5, 2022.

25.    As a result of his termination from DDEMS, Mr. Nett has suffered lost wages and benefits, mental and emotional harm, damage to his personal and professional reputations, and other injuries.

26.    Prior to commencing this lawsuit, Plaintiff has made multiple attempts to contact Defendants to resolve this dispute short of litigation.  To date, Defendants have failed or otherwise refused to make Mr. Nett whole for the unlawful discharge.  There is little prospect that, lacking judicial compulsion, Defendants will abide by their obligations under the U.S. Constitution or redress the harm to Mr. Nett caused by the unlawful discharge.

27.    Plaintiff seeks a jury trial in this matter.

**FIRST CAUSE OF ACTION:**
**42 U.S.C § 1983 – VIOLATION OF PLAINTIFF'S FIRST AND FOURTEENTH**
**AMENDMENT RIGHT TO FREE SPEECH**

28.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 27.

29.     The right of the Plaintiff to speak freely about matters of public concern is protected by the First Amendment and Fourteenth Amendment of the U.S. Constitution.  The public has a vital interest in free and open discussion on issues of public importance.

30.     It is a violation of the First Amendment and Fourteenth Amendment of the U.S. Constitution for public employers, including DDEMS, to discriminate against, discipline, or discharge its employees in retaliation for engaging in speech about matters of public concern as private citizens.

31.     The May 27, 2022 safety message posted to Local 5026's Facebook page concerning matters of public safety, an emergency medical service's ability to provide timely and adequate ambulance services and emergency medical care to the community, and mismanagement of an agency's provision of a public service constitutes speech about matters of public concern which is protected by the First and Fourteenth Amendments.

32.     By sharing and reposting Local 5026's safety message from his personal Facebook account on May 28, 2022, Mr. Nett, acting as a private citizen, engaged in speech about a matter of public concern which is protected by the First and Fourteenth Amendments.

33.     Defendants, acting individually and/or jointly, discriminated against, suspended, and subsequently discharged Mr. Nett for sharing and reposting Local 5026's safety message from his personal Facebook account on May 28, 2022, and because Defendants believed that Mr. Nett originally wrote and posted the May 27, 2022 safety message to Local 5026's Facebook page.  In

so doing, Defendants discriminated against, disciplined, and discharged Mr. Nett in retaliation for engaging in protected speech activity.

34.     Through this conduct, Defendants retaliated against Mr. Nett in violation of the First Amendment and Fourteenth Amendment of the U.S. Constitution.  Defendants' conduct unlawfully chills free and open discussion on issues of public importance and intimidates other DDEMS employees and members of the community from similarly engaging in protected speech.

35.     Mr. Nett's suspension and subsequent discharge were purportedly issued pursuant to an express municipal policy of Defendants.  Specifically, and as expressly stated in the disciplinary letters issued to Mr. Nett, Mr. Nett was disciplined for his activity on Facebook under DDEMS's written social media policy.  Furthermore, Mr. Gavinski and the Commission and its members have final policymaking authority in the decisions to suspend and subsequently terminate Mr. Nett from DDEMS because of activity on Facebook.

36.     Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights which a reasonable person would have known.

37.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, economic injury, mental and emotional distress, humiliation, anxiety, embarrassment, and discomfort, and other injuries and irreparable harm.

38.     Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress." Thus, Defendants are fully liable to Plaintiff for his injuries resulting from Defendants retaliating against and terminating him in violation of the First and Fourteenth Amendments.

39.    Defendants are also liable for Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

40.    Because the City of Wisconsin Dells and the Village of Lake Delton are signatories to the contract creating DDEMS and the Commission, under WIS. STAT. §§ 66.0301(2), DDEMS, Mr. Gavinski, the Commission, and its members were acting on behalf of the City of Wisconsin Dells and the Village of Lake Delton in discriminating against, disciplining, and discharging Mr. Nett in retaliation for engaging in protected speech activity. In the alternative, DDEMS and the Commission are agencies of the City of Wisconsin Dells and the Village of Lake Delton. As such, the City of Wisconsin Dells and the Village of Lake Delton are liable for the unlawful conduct of DDEMS, Mr. Gavinski, the Commission, and its members complained of herein.

<u>SECOND CAUSE OF ACTION:</u>
**42 U.S.C. § 1983 – VIOLATION OF PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHT TO FREE ASSOCIATION**

41.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 40.

42.    The right of the Plaintiff to freely associate with an organization of other Paramedics and DDEMS employees is protected by the First Amendment and Fourteenth Amendment of the U.S. Constitution. The public has a vital interest in such free association.

43.    It is a violation of the First Amendment and Fourteenth Amendment of the U.S. Constitution for public employers, including DDEMS, to discriminate against, discipline, or discharge its employees for exercising their rights to free association.

44.     At all relevant times, Plaintiff has been a member of, actively participated in, and served as the elected President of IAFF Local 5026, a labor association of other emergency medical service personnel employed by Defendants.  Plaintiff's right to so associate with Local 5026 is protected by the First and Fourteenth Amendments.

45.     At all relevant times, Defendants were aware of Plaintiffs' association with Local 5026.

46.     Upon learning that IAFF Local 5026 posted a safety message on Facebook on or about May 27, 2022 which concerned DDEMS's staffing shortages and ability to provide timely emergency medical care to the community, Defendants discriminated against, suspended, and subsequently discharged Mr. Nett because he is the President of Local 5026.  In so doing, Defendants discriminated against, disciplined, and discharged Mr. Nett in retaliation for associating with the organization that posted the safety message on Facebook.

47.     By engaging in this conduct, Defendants retaliated against Mr. Nett in violation of the First Amendment and Fourteenth Amendment of the U.S. Constitution.  Defendants' conduct unlawfully chills the free association with IAFF Local 5026, among other organizations, and intimidates other DDEMS employees and members of the community from similarly associating with or actively participating in Local 5026.

48.     Mr. Nett's suspension and subsequent discharge were purportedly issued pursuant to an express municipal policy of Defendants.  Specifically, and as expressly stated in the disciplinary letters issued to Mr. Nett, Mr. Nett was disciplined for his activity on Facebook under DDEMS's written social media policy.  Furthermore, Mr. Gavinski, the Commission, and its members, have final policymaking authority in the decisions to suspend and terminate Mr. Nett from DDEMS because of activity on Facebook.  Such conduct by Defendants was done in a

knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights which a reasonable person would have known.

49.     As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, economic injury, mental and emotional distress, humiliation, anxiety, embarrassment, and discomfort, and other injuries and irreparable harm.

50.     Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  Thus, Defendants are fully liable to Plaintiff for his injuries resulting from Defendants retaliating against and terminating him in violation of the First and Fourteenth Amendment.

51.     Defendants are also liable for Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

52.     Because the City of Wisconsin Dells and the Village of Lake Delton are signatories to the contract creating DDEMS and the Commission, under WIS. STAT. §§ 66.0301(2), DDEMS and the Commission were acting on behalf of the City of Wisconsin Dells and the Village of Lake Delton in discriminating against, disciplining, and discharging Mr. Nett in retaliation for engaging in protected speech activity.  In the alternative, DDEMS and the Commission are agencies of the City of Wisconsin Dells and the Village of Lake Delton.  As such, the City of Wisconsin Dells and the Village of Lake Delton are liable for the unlawful conduct of DDEMS, Mr. Gavinski, the Commission, and its members complained of herein.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the Court:

A.     Declare that Defendants violated Plaintiff's Constitutional rights by unlawfully depriving Plaintiff of his rights and privileges secured by the First and Fourteenth Amendments of the U.S. Constitution;

B.     Enter a permanent injunction restraining and preventing Defendants from continuing to discriminate and retaliate against Plaintiff, from continuing to interfere with and infringe upon Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution, and from otherwise violating their obligations under the U.S. Constitution with respect to Plaintiff and all other persons similarly situated;

C.     Order Defendants to rescind the retaliatory, discriminatory, and otherwise unlawful discipline issued to Plaintiff;

D.     Order a complete and accurate accounting of all the compensation and relief to which Plaintiff is entitled;

E.     Award Plaintiff monetary damages in the form of backpay compensation, lost benefits, unpaid entitlements, plus prejudgment and post-judgment interest;

F.     Award Plaintiff compensatory damages for the violations of Plaintiff's rights and the harm to his reputation, humiliation, emotional and mental anguish, and for other financial and consequential harm and injuries he has suffered as a result of Defendants' violative conduct;

G.     Award Plaintiff punitive damages to redress the knowing, willful, wanton, reckless, and bad faith nature of Defendants' violation of Plaintiff's Constitutional rights;

H.     Order Defendants to reinstate Plaintiff to his former position, or in the alternative, award front pay;

I.      Award reasonable attorneys' fees and costs to Plaintiff; and

J.      Grant all other relief that the Court deems just and appropriate.


Respectfully submitted,


_____/s/ Matthew D. Watts_____
Matthew D. Watts
Mark J. Murphy
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
mwatts@mooneygreen.com


_____/s/ Nicholas E. Fairweather_____
Nicholas E. Fairweather
Hawkes Quindel, S.C.
409 E Main Street
Madison, WI 53703
(608) 257-0040
(608) 256-0236 Facsimile
nfairweather@hq-law.com

*Counsel for the Plaintiff*